IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE BICKENS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 11-3406-CV-S-RED |
| JUAN D. CASTILLO, Warden ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's contentions are without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he should receive credit towards his federal sentence for time spent in state custody following his sentencing in two cases by the Northern District of Texas. He asserts that he should receive federal credit for the period he served in state custody from April 24, 1999, to August 20, 2005. He has exhausted administrative remedies on his claim.

After a Show Cause Order, a Response was filed. The Office of the Federal Public Defender then filed a Motion to Withdraw, in accordance with Rule 11 of the Federal Rules of Civil Procedure and Rule 4-3.1 of the Missouri Supreme Court Rules of Professional Conduct. The

motion states that, based on professional judgment, and based on a review of the facts of this case, there are no nonfrivolous issues. Petitioner objects to counsel's Motion to Withdraw, alleging that there is evidence to support his claim. Petitioner contends that his terms of incarceration were supposed to run concurrently, that there are physical records to support his claim, and that he is therefore being held in federal custody beyond the lawful term of his sentence. The Court has fully reviewed counsel's Motion to Withdraw, including her efforts to find evidence to support petitioner's claim, which were unavailing. Counsel also fully reviewed the issues raised by petitioner in his habeas corpus petition. The Court finds the motion to be well-taken and will therefore grant the Motion to Withdraw.

The law is clear that an individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. 18 U.S.C. § 3585(a). Additionally, a federal prisoner is not entitled to credit on a federal sentence when he has received credit on a state sentence for the same time period. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 114 S.Ct. 1629 (1994). If a petitioner were allowed federal credit for time spent serving a sentence imposed by a state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b). According to the BOP sentence computation manual, Program Statement 5880.28, time spent in custody under a writ from non-federal custody is not considered for the purpose of crediting federal sentence time.

Having carefully reviewed petitioner's contentions, the Court finds that it must be recommended that the petition for habeas relief be denied. The record indicates that petitioner remained under the exclusive jurisdiction of the state of Texas until he was paroled from his Texas sentence on August 19, 2005. He received credit towards the state sentence for the time period in question. Additionally, the time he was in the custody of the U.S. Marshals Service

was credited towards his state sentence. When he was sentenced by the federal court in the Northern District of Texas for his second federal sentence in 1998, it was ordered to run concurrently with the previously imposed federal sentence from 1997. The district court expressed no position on whether petitioner's federal sentences should run concurrently or consecutively to any state sentence. Therefore, the legal presumption is that the federal sentence is to run consecutively to any term of imprisonment imposed at a different time. 18 U.S. C. § 1384(a). In this case, petitioner is not entitled to credit on his federal sentence because he has already received credit for time served against his state sentence. The record supports the finding that petitioner received credit towards his Texas state sentence for all time served prior to August 19, 2005, when he was paroled from his state sentence and immediately released to federal custody. Because the law does not entitle him to double credit, it must be recommended that his request for credit towards his federal sentence for that time be denied pursuant to 18 U.S.C. § 3585(b).

Petitioner also seeks a *nunc pro tunc* designation. While the inmate may request a *nunc pro tunc* designation, and the BOP must consider the request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence, it is clear that the decision to grant such designation is discretionary and should not be granted when the sentencing court has determined that a federal sentence should be served consecutively to the state sentence. See Fegans v. United States, 506 F.3d 1101, 1104-05 (8th Cir. 2007). Based on the facts of this case, there is nothing to indicate that petitioner is entitled to a *nunc pro tunc* designation.

Accordingly, petitioner's contentions are without merit, and it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with

Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.[1]

/s/ James C. England

JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date:   8/21/12

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.